UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JAMES WAYNE LANGSTON | ] | |
| --- | --- | --- |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:14-0767 |
| | ] | Judge Sharp |
| LT. JOHNNY HANNAH | ] | |
| Defendant. | ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Cheatham County Jail in Ashland City, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Lt. Johnny Hannah, a member of the staff at the Jail, seeking injunctive relief and damages.

The plaintiff, apparently, has been unsuccessful in obtaining a work assignment. A work assignment would allow him to earn sentence reduction credits. He claims that his right to equal protection has been violated because other inmates with similar or more serious charges have been given work assignments. In addition, the plaintiff complains that the law library at the Cheatham County Jail is inadequate.

This action is being brought against the defendant in his official capacity only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent,

Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Cheatham County, the municipal entity that operates the Cheatham County Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Cheatham County or its agent, the Cheatham County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Cheatham County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989). To establish the requisite causal link, the plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". Garner v. Memphis Police Department, 8 F.3d 358, 363-64 (6th Cir.1993).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Cheatham County. Consequently, the plaintiff has failed to state a claim against the defendant acting in his official capacity.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge